CARMEN RODRÍGUEZ LÓPEZ, Plaintiff and Appellee, *v.* José M. TORAL, ET AL., Defendants and Appellants.

No. 8669. Argued April 12, 1943.—Decided May 18, 1943.

V. M. *Sánchez Fernández* for appellants. R. *Rivera Zayas* and *Joaquín Velilla* for appellee.

Mr. Justice De Jesús delivered the opinion of the court.

From the evidence introduced in this case, and especially from public deed No. 1 executed before Notary Public V. M. Sánchez Fernández on January 18, 1940 (plaintiff's exhibit 1), it appears that by another public deed executed on January 8, 1939, which was not offered in evidence, Laureano Rosa and his wife, Rosario Rosendo, entered into a contract with the firm, García Hnos., *S. en C.*, a contract which they called "Sale with Right of Redemption" (*Venta con Pacto de Retro*), and by virtue of which the said spouses agreed to sell to the obove-mentioned firm, subject to the named right, a house without lot located on Esteban Padilla Street in the city of Bayamón. It does not appear from exhibit of the plaintiff what was the price of the alleged sale, but it does appear that the contract was entered into, with the condition that the vendors or their successors in title "could reverse the sale and reacquire the estate sold within the period of two years to start on the date the public deed was executed."

Notwithstanding the contract entered into, called "Sale with Right of Redemption," the purchaser failed to take material possession of the house sold, and on the contrary, the vendor spouses continued in possession of the same, inhabiting it until by virtue of public deed of January 18, 1940 (plaintiff's exhibit 1) cited, they sold to Carmen Rodríguez López the right of redemption they claimed to have in said house for $400, which the purchaser paid them in the act of the execution of the deed before the notary public. A

week after the execution of said public deed, Carmen Rodríguez López occupied the house and continued living in it until, on December 17, 1940, she rented it to Francisco Maymí for a $15 monthly rental. Maymí occupied the house and paid the plaintiff, Carmen Rodríguez López, the rental corresponding to the days he had occupied the house during the month of December 1940, and to the month of January 1941, but when plaintiff went, in the first days of March, to collect the rental for the month of February 1941, Maymí told her that he had already paid said rental to the firm García Hnos., *S. en C.*, as he had received notice from said firm signed by V. M. Sánchez Fernández, Esq., demanding that he pay said rental and subsequent ones to said firm, as the latter was then the owner of the house in question.

In effect, the period of two years to exercise the right of reversion had expired, and García Hnos., *S. en C.*, considered that its ownership of the house in question was perfected. The protests of the plaintiff were ineffective. García Hnos., *S. en C.*, sold the house to José M. Toral, the owner of the lot on which it was located, on March 1941, and said Toral continued to collect the rent on the lease from Maymí.

With the purpose of recovering the possession of the house, Carmen Rodríguez López filed against Toral a peti-tion for injunction to recover possession, but Toral alleged in his answer that from the month of August 1941, he had "gone out of possession of said realty and had transferred it to Mrs. Violeta Toral de Ramos Mimoso" and that for that reason the injunction to recover possession did not lie. Plaintiff then filed an amended complaint, joining as party defendants, in addition to José M. Toral, Violeta Toral and her husband José Ramos Mimoso.

All the defendants filed their answer objecting to the claims of the plaintiff, and the defendants Violeta Toral and José Ramos Mimoso raised under the title of "Special Defenses," the following:

"As special defense defendants state and allege:

"First: That defendants Violeta Toral de Ramos Mimoso and her husband Dr. José Ramos Mimoso, being bona fide third party possessors, the injunction to recover the material possession of the above-described property, does not lie according to the provisions of §448 of the Civil Code (1911 ed.).

"Second: That the defendant José M. Toral having gone out of possession of said realty and having transferred it to Mrs. Violeta Toral de Ramos Mimoso, the injunction does not lie against defendant herein, as he is not in possession of said realty."

 Without prejudice to the right which García Hnos. may have on said house, according to §1410 of the Civil Code (1930 ed.), we must come to the conclusion that if García Hnos. would have retained the possession of the realty, the proceeding for injunction would have prevailed against it. If the injunction would have prevailed against said firm, the provisions of the Mortgage Law not being of application to the instant case, as the title of the house in question is not recorded in the registry of property, it is evident that García Hnos. could not transmit to its successors in title a legal possession, when the one it had had been illegally acquired. In other words, the defendants are in the same position that their predecessor in title, García Hnos., *S. en C.*, was. Therefore, injunction to recover possession lies against the defendants as if they, and not García Hnos., would have been the ones who illegally deprived plaintiff of her possession of the house in question.

It seems, at first blush, that if Violeta Toral and her husband were in possession of the house, judgment should not have been entered against defendant José M. Toral. Nevertheless, if we bear in mind the evasive allegations of the defendants, who failed to allege in an open and final way, that José M. Toral sold the house to Violeta Toral, but limited himself to alleging that he went out of possession of said realty, transferring it to Mrs. Violeta Toral de Ramos Mimoso, repeating this phrase on various occasions, and if we also bear in mind that there does not appear from the record any evidence tending to show that defendant Mrs. Toral had

collected the rentals of the house—as even her own husband does not know said fact, and she did not appear to testify—the judge of the lower court, undoubtedly weighing all this evidence, was rationally able to conclude that the alleged conveyance or transfer made by José M. Toral to Violeta Toral was simply a subterfuge to avoid judgment to be entered against him in this case, in order that he may continue directly or indirectly to deprive plaintiff of the possession of the property.

For the reasons stated, the appeal must be dismissed and the judgment appealed from affirmed.